**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

KARYN HUNDLEY and JEFFREY
HUNDLEY, her husband,

                Plaintiffs,

           v.                                              No. 1:15-CV-397

COLUMBIA SUSSEX
CORPORATION,

                Defendant.

---

**CHRISTIAN F. HUMMEL
U.S. MAGISTRATE JUDGE**

**APPEARANCES:**                              **OF COUNSEL:**

Office of Edward P. Ryan               EDWARD P. RYAN, ESQ.
Attorneys for Plaintiffs
38 Eagle Street
Albany, NY 12207

Spector Gadon & Rosen, P.C.          JONATHAN J. GREYSTONE, ESQ.
Attorneys for Defendant
1635 Market Street, 7th Floor
Philadelphia, PA 19103

**MEMORANDUM- DECISION AND ORDER**[1]

     Plaintiffs Karyn Hundley and Jeffrey Hundley commenced this action in New York State Supreme Court on or about February 10, 2015. Dkt No. 1 at 6-9. Plaintiff Karyn Hundley alleged that she was injured as the result of a fall which occurred at a hotel property known as the Albany Marriott ("the Marriott") located in Albany, New York. Id. at 7.

---

[1] The parties executed a consent to jurisdiction by a United States Magistrate Judge on May 4, 2015. Dkt. No. 7. The consent to jurisdiction was signed by United States District Judge David N. Hurd on May 8, 2015. Id.

On April 2, 2015, defendant Columbia Sussex Corporation removed this action from New York State Supreme Court, Albany County, to the United States District Court for the Northern District of New York, pursuant to 28 U.S.C. §§ 1446 and 1332. Dkt No. 1 at 1-3. On April 8, 2015, defendant filed an answer. Dkt. No. 3.

Presently pending before the Court is defendant's motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P. ") 25(a)(1) and 41(b). Plaintiffs' counsel has submitted an affirmation in response to the motion in which he indicates that he does not oppose the motion. Dkt. No. 15. For the reasons set forth below, defendant's motion to dismiss is granted.

**I. Background**

On December 15, 2013, plaintiffs were business invitees of defendant, having booked a room at the Marriott. Dkt. No. 1 at 7. On the evening of December 15, 2013, plaintiff Karyn Hundley walked her dog in the parking lot at the Marriott. Id. When she re-entered the foyer area of the Marriott, she slipped and fell, sustaining certain physical injuries. Id. There were no witnesses to the fall. Dkt. No. 14-4 at 4. In this action, plaintiff Karyn Hundley seeks to recover for personal injuries, and pain and suffering allegedly resulting from the fall. Dkt. No. 1 at 8. Plaintiff Jeffrey Hundley has filed a claim for loss of consortium. Id. at 9.

On May 11, 2015, the Court issued a Uniform Pretrial Scheduling Order that required—among other things—the parties to complete discovery by February 12, 2016, and submit dispositive motions by March 16, 2016. Dkt. No. 8 at 2-3. The Uniform Pretrial Scheduling Order further directed that mandatory mediation be completed by September 9,

2015. Id. at 10.

On May 20, 2015, defendant served written interrogatories, and a written request for the production of documents directed to plaintiffs. Dkt. 14-3 at 5. Plaintiffs have not responded to the written interrogatories, or the request for the production of documents. Id. Additionally, the mediation never took place. Id.

During a scheduled telephone conference on September 17, 2015, plaintiffs' counsel advised the Court that Karyn Hundley was deceased. The Court scheduled a conference for October 9, 2015, and directed plaintiff Jeffrey Hundley to appear for the conference either in person or by telephone. Dkt. Entry dated September 17, 2015. Mr. Hundley did not participate in the October 9, 2015 conference. During that conference, the Court directed Mr. Hundley to have a representative appointed for the estate of Karyn Hundley by December 9, 2015. Dkt. Entry dated October 9, 2015. By letter dated October 12, 2015, plaintiffs' counsel advised Mr. Hundley that, if he wished to proceed with this matter, he needed to apply to the Surrogate's Court within sixty days to have a representative appointed for the estate of Karyn Hundley. Dkt. No. 15 at 2. Plaintiff Jeffrey Hundley has never advised this Court that a representative has been appointed for the estate of Karyn Hundley.

On December 16, 2015, defendant filed a motion for an order dismissing this case pursuant to Fed. R. Civ. P. 25(a)(1) and 41(b). Dkt. No. 14. Counsel for plaintiffs filed a response to defendant's motion on December 28, 2015. Dkt No. 15.

## II. Discussion

### A. Substitution of Proper Party Pursuant to Fed. R. Civ. P. 25

During a telephone conference conducted with counsel for all parties on September 17, 2015, plaintiffs' counsel advised the Court that plaintiff Karyn Hundley was deceased. Dkt. Entry dated September 17, 2015. Plaintiffs' counsel did not advise the Court of the date of Ms. Hundley's death. Id. A status conference was conducted on October 9, 2015. During that conference, the Court advised plaintiff Jeffrey Hundley that he must move to substitute a proper party in place of Karyn Hundley by December 9, 2015. Dkt. Entry dated October 9, 2015. Plaintiff Jeffrey Hundley has failed to advise the Court of any efforts to substitute a proper party in place of now-deceased plaintiff Karyn Hundley in this action.

Federal rules provide the procedure for substitution following a party's death, even in federal cases governed by substantive state law principles. Graham v. Henderson, 224 F.R.D. 59, 63 (N.D.N.Y. 2004) (citation omitted). Under the Federal Rules of Civil Procedure:

> [i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution can be made by any party or the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action . . . must be dismissed.

FED. R. CIV. P. 25(a)(1). The proper party is either "the successor of the deceased or the representative of his estate." Graham, 224 F.R.D. at 64-65 (citation omitted).

Plaintiff Karyn Hundley died prior to September 17, 2015. Dkt. Entry dated September 17, 2015. As more than ninety days have elapsed since her counsel advised the Court of her death, and no motion for substitution has been made, plaintiff Karyn

Hundley's claim is dismissed.  FED. R. CIV. P. 25(a)(1).

**B. Failure to Prosecute Pursuant to Fed. R. Civ. P. 41**

Fed. R. Civ. P. 41 provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order . . ."  See Link v. Wabash R.R. Co., 370 U.S.626,629 (1962); Baptiste v. Sommers, 768 F.3d 212, 216 ( 2d Cir. 2014); see also N.D.N.Y. L.R. 41.2 (b).  Since a Rule 41(b) dismissal "is a harsh remedy. . . [it] is appropriate only in extreme situations." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996) (citation omitted).  A determination of whether to dismiss an action pursuant to Rule 41(b) involves consideration of:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by the delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Lucas, 84 F.3d at 535 (citing Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994) (additional citation omitted).

A review of  the procedural history in this case reveals that the complaint was filed on February 10, 2015, and removed to federal court on April 2, 2015.  Dkt. No. 1.  As such, over fourteen months have elapsed since the action was removed to the Northern District of New York, yet virtually no discovery has been conducted as a result of plaintiffs' failure to comply with this Court's scheduling order.

On May 11, 2015, the Court issued a Uniform Pretrial Scheduling Order requiring

discovery to be completed by February 12, 2016, and dispositive motions to be filed by March 16, 2016. Dkt. No. 8 at 2-3. The Uniform Pretrial Scheduling Order further directed that mandatory mediation be completed by September 9, 2015. Id.

On May 20, 2015, defendant served written interrogatories and a written request for the production of documents directed to plaintiffs. Dkt No. 14-3 at 5. Plaintiffs never responded to the written interrogatories or the request for production of documents. Id. The mandatory mediation was never conducted. Id.

During a telephone conference on September 17, 2015, plaintiffs' counsel advised the Court that Karyn Hundley was deceased. Dkt. Entry dated September 17, 2015. The Court set a status conference for October 9, 2015. Id. Despite the Court's order that he participate in the status conference on October 9, 2015, plaintiff Jeffrey Hundley did not participate. During that conference, the Court directed Mr. Hundley to have a representative appointed for the estate of Karyn Hundley by December 9, 2015. Dkt. Entry dated October 9, 2015. By letter dated October 12, 2015, plaintiffs' counsel advised Mr. Hundley that if he wished to proceed with this matter, he needed to apply to the Surrogate's Court within sixty days to have a representative appointed for the estate of Karyn Hundley. Dkt. No. 15 at 2. Plaintiff Jeffrey Hundley has failed to advise the Court that a representative has been appointed for plaintiff Karyn Hundley's estate.

As a result of plaintiffs' failure to respond to defendant's discovery requests, defendant has been denied access to information needed to prepare a proper defense in this matter. See Shannon v. Gen. Elec. Co.,186 F.3d 186,195 (2d Cir.1999) (discussing prejudice based on discovery delays). Plaintiffs' failure to participate in discovery in this matter, and the failure to have a representative appointed for the estate of Karyn Hundley,

have significantly delayed the resolution of this matter thereby contributing to the congestion of this Court's docket.

The final consideration in determining whether to grant the motion to dismiss for failure to prosecute is an assessment of whether there is a sanction less drastic than dismissal. Mindful of the principles of law pronounced above, the Court determines that the dismissal of plaintiffs' complaint is the appropriate result in this matter. The surviving plaintiff, Jeffrey Hundley, has refused to participate in discovery, and failed to participate in a court-ordered conference. He has further failed to take any steps to have a representative appointed for the estate of Karyn Hundley. Given plaintiff Jeffrey Hundley's apparent abandonment of this action, and his complete refusal to comply with this Court's orders, the Court finds that the imposition of a lesser sanction would have no effect on plaintiffs or this litigation, which has been pending since April 2, 2015. See Dkt. No. 1.

### III. Conclusion

For the reasons stated above, it is hereby

**ORDERED**, that defendant Columbia Sussex Corporation's Motion to Dismiss Pursuant to Fed. R. Civ. P. 25(a)(1) and 41(b) (Dkt. No. 14) be **GRANTED** and plaintiffs Karyn Hundley and Jeffrey Hundley's complaint be **DISMISSED in its entirety**; and it is further

**ORDERED,** that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties in accordance with Local Rules.

**IT IS SO ORDERED**.

Dated: June 23, 2016
Albany, New York

_Christian F. Hummel_
Christian F. Hummel
U.S. Magistrate Judge